IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 APR 24 P 3: 29
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO.: 2:06cv372-VPM |
| ELMER MYERS ARMSTRONG, an individual, and FREIDA ARMSTRONG, an individual, ) ) ) ) ) | |
| Defendants. ) | |

### VERIFIED COMPLAINT FOR EXONERATION OF SURETY

### I. JURISDICTION AND VENUE

1. Plaintiff, UNITED STATES FIDELITY AND GUARANTY ("USF&G"), is a corporation organized and existing under the laws of the State of Maryland, and having its principal place of business within the State of Maryland. At all relevant times hereto, USF&G has been duly authorized, licensed and engaged in the insurance and bonding business in this judicial district.

2. Defendants, ELMER MYERS ARMSTRONG and FREIDA ARMSTRONG are citizens of the State of Alabama who are over the age of nineteen (19) years.

1

{B0590350}

3.  Jurisdiction over this matter exists pursuant to 28 U.S.C. §1332, in that it is between citizens of different States and the amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## II. FACTUAL ALLEGATIONS

4.  At the request of Price Oil, Inc. ("Price Oil"), USF&G issued a series of bonds on behalf of various State, local and other governmental and private entities to secure the payment of Federal and State excise taxes. These bonds include the following:

| BOND NO. | PENAL LIMIT | OBLIGEE |
|---|---|---|
|  |  |  |
| KU5748 | $235,000.00 | Exxon Company, USA |
| KU9597 | $1,000.00 | State of Georgia Department of Revenue |
| KU9787 | $100,000.00 | State of Florida Department of Revenue |
| KU9788 | $100,000.00 | State of Florida Department of Revenue |
| KU9789 | $4,000.00 | Jefferson County, Alabama |
| KV0494 | $51,000.00 | State of Tennessee, Department of Revenue |
| KV0532 | $112,284.00 | State of Florida Department of Revenue |
| KV0726 | $216,000.00 | State of Alabama Department of Revenue |
| KV0727 | $5,000.00 | State of Alabama, Petroleum Commodities Division |
| KV0730 | $10,000.00 | Houston County, Alabama |
| TD5729 | $25,000.00 | State of Mississippi Petroleum Tax Division |

{B0590350}

5. Price Oil filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Middle District of Alabama, Case No. 05-34286, on December 22, 2005. USF&G subsequently received notices of claims against the aforementioned bonds. USF&G is investigating the remaining claims and believes that one or more of the claims may be meritorious. USF&G intends to discharge any obligations that it may owe to the claimants in accordance with the requirements of its bonds and applicable law.

6. Based upon its investigation, USF&G has established loss reserves in the amount of $865,000.00.

7. Prior to the issuance of the aforesaid bonds, defendants, separately and severally, each executed a Master Surety Agreement in favor of USF&G and a General Contract of Indemnity in favor of USF&G's parent company, St. Paul Fire and Marine Insurance Company (hereinafter collectively referred to as "Indemnity Agreements") in which defendants have promised to exonerate, defend and hold USF&G harmless from any loss, cost or expense which might result from the issuance of any of the aforesaid bonds. True and correct copies of the Master Surety Agreement, dated June 19, 1996, and the General Contract of Indemnity, dated October 12, 2005, are attached hereto as Exhibit "A" and Exhibit "B," respectively.

8. Pursuant to the express terms of the Indemnity Agreements, the defendants, separately and severally, also agreed to collateralize any reserve established by USF&G in anticipation of any loss under any bonds issued on Price Oil's behalf. Specifically, defendants agreed as follows:

{B0590350}

> In order to exonerate, hold harmless, and indemnify SURETY, UNDERSIGNED shall upon demand of SURETY, place SURETY in funds before SURETY makes any payment; such funds shall be, at SURETY'S option, money or property, or liens or security interests in property.

Master Surety Agreement, ¶III(B), attached as Exhibit "A."

> To deposit with Company, on demand, the amount of any reserve against such Loss which Company is required, or deems it prudent to establish whether on account of an actual liability or one which is, or may be, asserted against it and whether or not any payment for such Loss has been made.

General Contract of Indemnity, ¶2(b), attached as Exhibit "B."

9. On information and belief, the defendants have recently sold their primary residence or are in the process of selling the same. In addition, Price Oil is in the process of liquidating and selling a significant portion of its assets in the bankruptcy proceedings.

10. In accordance with the provisions of the Indemnity Agreements, USF&G has requested that defendants deposit collateral, money, or other security in the amount of its current loss payments and reserves pending final disposition of all claims. The defendants have failed to honor this request for collateralization, and have otherwise refused to perform their obligations as specified in the Indemnity Agreements.

11. Based upon its investigation to date, and in light of the facts and circumstances as set forth herein, USF&G justifiably fears that the assets of defendants may be insufficient to provide for the reimbursement, exoneration and indemnification of USF&G, as surety. In equity and good conscience, the assets of defendants should be made available for the performance of their obligations set forth in the Indemnity Agreements.

12. USF&G offers to do equity and requests equitable relief so as to provide for its exoneration.

### III. CLAIMS FOR RELIEF

### COUNT ONE
### EXONERATION AND SPECIFIC PERFORMANCE

13. USF&G adopts and re-alleges all averments of paragraphs 1 through 12 of the Complaint as if set forth in full herein.

14. In light of the facts and circumstances as set forth herein, USF & G justifiably fears that the assets of the defendants will be insufficient and inadequate to provide for its indemnification. Accordingly, USF&G requests this Court to assume jurisdiction over this cause and, pursuant to this Court's equitable and legal powers, provide for the exoneration of USF&G, as surety, in the following manner:

> (a) That the defendants be required to immediately deposit with USF&G such sums or other security or property as maybe required to fully secure and discharge USF & G from any anticipated losses and expenses, including legal fees incurred to date, under the aforesaid bonds in an amount not less than Eight Hundred Sixty Five Thousand and 00/100 ($865,000.00) Dollars;

> (b) That the defendants, separately and severally, be required to render a complete, full, and sworn accounting to the Court and to USF&G, as surety, as to any and all assets owned or controlled by them, or in which any defendant has any interest, or in which any defendant has had any interest at any time during the last three (3) years, and further provide USF&G with all access to all books and records which in any manner relate, refer or pertain to the financial affairs of the defendants;

> (c) That pending deposit of collateral as requested herein, a judicial lien be established in favor of USF&G as to any and all assets of defendants, including any and all contract balances, retainages, bank accounts, whether such assets or funds are real, personal, or mixed, said lien to be

subject to any valid and existing security interest or liens in said assets or property which may pre-date the Order of this Court; and

(d)   That defendants, separately and severally, be required to specifically perform all other obligations as specified in the Indemnity Agreements so as to accomplish the exoneration and indemnification of USF&G; and

(e)   That the Court provide such further, additional and different relief so as to provide for the exoneration of USF&G, as surety.

15.   By virtue of the terms and obligations of the defendants as provided in the Indemnity Agreements, and by virtue of the laws governing the relationship of principal and surety, and the equitable doctrine of *quia timet*, USF&G is entitled to equitable relief to provide for its exoneration and for the preservation of all assets currently in the possession of the defendants in a manner consistent with the primary obligations of the defendants to all claimants under the aforesaid bonds, and is further entitled to specific performance of the terms of the Indemnity Agreements.

## COUNT TWO
## REQUEST FOR PRELIMINARY INJUNCTION

16.   USF&G adopts and re-alleges all averments of paragraphs 1 through 15 of the Complaint as if set forth in full herein.

17.   Pending deposit of collateral as requested in Count One of the Complaint, USF&G requests the Court to impose immediate equitable relief in the nature of a preliminary injunction to provide the following relief:

(a)   Enjoining and restraining the defendants, separately and severally, their agents, servants, employees, attorneys, assigns, and all the persons in active concert and participation with them, pending a final hearing and determination of this cause, from selling, mortgaging, leasing, transferring, or in any other manner disposing of or dealing with any of their properties having a value of more than One Thousand Dollars ($1,000.00), whether

real, personal, cash, lands, securities or chattels, against which USF&G would be entitled to a levy of execution for payment of any judgment or which could be used to respond to an order requiring the defendants to specifically perform their obligations to the surety, and further from removing, destroying, or transferring any of their books of accounts, contracts, agreements, vouchers, journals, files, correspondence, ledgers, balance sheets, annual reports, tax records, financial reports, accounts receivable, inventories, motor vehicle records, and all their business records in any form or nature whatsoever.

(b)  Declaring and imposing a judicial lien in favor of USF&G with respect to any and all assets and property of the defendants, separately and severally, including any realty, personalty or other property owned or controlled by any of the defendants or property in which any of the defendants has any interest, said judicial lien to remain in full force and effect pending full performance of the obligations of the defendants to USF&G as requested herein;

(c)  Requiring the defendants, separately and severally, to make an accounting within ten (10) days to this Court in the form of a sworn affidavit as to the nature, extent and location of any and all assets, and as to the disposition of any and all assets possessed by the Defendants, or coming within their custody or control during the last one hundred and eighty (180) days preceding the date of the Order of this Court;

(d)  Marshaling and sequestering the assets of the defendants for the purpose of exonerating the surety;

(e)  Ordering the defendants to deposit with USF&G assets or other securities sufficient to secure USF&G from its anticipated losses; and

(f)  Such other relief as may be equitable under the premises.

18.  USF&G seeks injunctive relief on the grounds that:

(a)  Unless restrained by this Court, USF&G justifiably fears that the defendants may perform such acts sought by USF&G to be prohibited;

(b)  Such action by the defendants will result in irreparable harm, injury and loss to USF&G in that the assets of the defendants, absent injunction, could be expended for purposes other than retiring USF&G's obligations as to the obligees and claimants;

(c)   The issuance of the said preliminary injunction will not cause undue inconvenience or hardship to the defendants, but will prevent irreparable injury to USF&G;

(d)   The issuance of a preliminary injunction will preserve assets available for the specific performance of the defendants' obligations and is consistent with the remedies and relief available to USF&G, as surety, under the doctrines of exoneration and *quia timet*.

WHEREFORE, PREMISES CONSIDERED, USF&G requests entry of equitable relief as specified above.

## COUNT THREE
## DEMAND FOR JUDGMENT

19.   USF&G adopts and re-alleges all averments of paragraphs 1 through 18 of the Complaint as if set forth in full herein.

20.   By virtue of the failure of the defendants to perform their obligations under the Indemnity Agreements as aforesaid, USF&G is entitled to a judgment against said defendants in the amount of Eight Hundred Sixty Five Thousand and 00/100 ($865,000.00), plus all interest permitted by law, all costs of this action, and all attorney's fees incurred by USF&G in enforcing the conditions of the Indemnity Agreements and in prosecuting this action.

WHEREFORE, PREMISES CONSIDERED, USF&G demands judgment against defendants, separately and severally, in the amount of Eight Hundred Sixty Five Thousand and 00/100 ($865,000.00), plus all interest permitted by law, all costs of this action, and all attorney's fees incurred by USF&G in enforcing the conditions of the Indemnity Agreements and in prosecuting this action.

_____
THOMAS L. SELDEN

_____
BRIAN A. DODD
Attorneys for United States Fidelity and
Guaranty Company

OF COUNSEL:
STARNES & ATCHISON, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259-8512
(205) 868-6000

## VERIFICATION

STATE OF  Connecticut  }
COUNTY OF  Hartford  }

Before me, the undersigned Notary Public, in and for said County and in said State, personally appeared Robert L. Scanlon who being first duly sworn, deposes and says that he is employed as a Senior Claims Counsel for United States Fidelity and Guaranty, and that she has personally reviewed the Verified Complaint for Exoneration of Surety and that the allegations stated therein are true.

_____
ROBERT L. SCANLON

_____
NOTARY PUBLIC

Given under my hand and seal this the 20th day of April, 2006.

My Commission Expires: 12-31-07

MY COMMISSION EXPIRES DECEMBER 31, 2007

{B0590350}

PLAINTIFF'S ADDRESS

United States Fidelity and Guaranty Company
c/o St. Paul Travelers Bond- Bond Claim
2S2 90 State House Square
Hartford, Connecticut 06183
Attn.: Robert L. Scanlon

DEFENDANTS TO BE SERVED BY SPECIAL PROCESS SERVER:

Mr. Elmer Myers Armstrong
8140 Westlakes Place
Montgomery, Alabama 36117

Mrs. Freida Armstrong
8140 Westlakes Place
Montgomery, Alabama 36117

23179