IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 APR 24  P 3: 30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:06cv372-VPM ) |
| ELMER MYERS ARMSTRONG, an individual, and FREIDA ARMSTRONG, an individual, | ) ) ) ) ) |
| Defendants. | ) |

### APPLICATION FOR PRELIMINARY INJUNCTION

UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G"), as successor in interest of United States Fidelity and Guaranty Company and Travelers Casualty and Surety Company of America, the plaintiff in the above styled cause, hereby applies to this Court for equitable relief in the nature of a Preliminary Injunction. As grounds for this application, USF&G says as follows:

1.  At the request of Price Oil, Inc. ("Price Oil"), USF&G issued a series of bonds on behalf of various State, local and other governmental and private entities to secure the payment of Federal and State excise taxes. These bonds include the following:

1

{B0588545}

| BOND NO. | PENAL LIMIT | OBLIGEE |
|---|---|---|
| | | |
| KU5748 | $235,000.00 | Exxon Company, USA |
| KU9597 | $1,000.00 | State of Georgia, Department of Revenue |
| KU9787 | $100,000.00 | State of Florida, Department of Revenue |
| KU9788 | $100,000.00 | State of Florida, Department of Revenue |
| KU9789 | $4,000.00 | Jefferson County, Alabama |
| KV0494 | $51,000.00 | State of Tennessee, Department of Revenue |
| KV0532 | $112,284.00 | State of Florida, Department of Revenue |
| KV0726 | $216,000.00 | State of Alabama, Department of Revenue |
| KV0727 | $5,000.00 | State of Alabama, Petroleum Commodities Division |
| KV0730 | $10,000.00 | Houston County, Alabama |
| TD5729 | $25,000.00 | State of Mississippi, Petroleum Tax Division |

2.     Price Oil filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Middle District of Alabama, Case No. 05-34286, on December 22, 2005. USF&G subsequently received notices of claims against the aforementioned bonds. USF&G is investigating the remaining claims and believes that one or more of the claims may be meritorious. USF&G intends to discharge any obligations that it may owe to the claimants in accordance with the requirements of its bonds and applicable law.

2

{B0588545}

3. Based upon its investigation, USF&G has established loss reserves in the amount of $865,000.00.

4. Prior to the issuance of the aforesaid bonds, defendants, separately and severally, each executed a Master Surety Agreement and a General Contract of Indemnity (hereinafter collectively referred to as "Indemnity Agreements") in favor of USF&G's parent company, St. Paul Fire and Marine Insurance Company, in which defendants have promised to exonerate, defend and hold USF&G harmless from any loss, cost or expense which might result from the issuance of any of the aforesaid bonds. A true and correct copies of the Master Surety Agreement, dated June 19, 1996, and the General Contract of Indemnity, dated October 12, 2005, are attached hereto as Exhibit "A" and Exhibit "B."

5. Pursuant to the express terms of the Indemnity Agreements, the defendants, separately and severally, also agreed to collateralize any reserve established by USF&G in anticipation of any loss under any bonds issued on Price Oil's behalf. Specifically, defendants agreed as follows:

> In order to exonerate, hold harmless, and indemnify SURETY, UNDERSIGNED shall upon demand of SURETY, place SURETY in funds before SURETY makes any payment; such funds shall be, at SURETY'S option, money or property, or liens or security interests in property.

Master Surety Agreement, ¶III(B), attached as Exhibit "A."

> To deposit with Company, on demand, the amount of any reserve against such Loss which Company is required, or deems it prudent to establish whether on account of an actual liability or one which is, or may be, asserted against it and whether or not any payment for such Loss has been made.

General Contract of Indemnity, ¶2(b), attached as Exhibit "B."

{B0588545}

6. On information and belief, the defendants have recently sold their primary residence or are in the process of selling the same. In addition, Price Oil is in the process of liquidating and selling a significant portion of its assets in the bankruptcy proceedings.

7. In accordance with the provisions of the Indemnity Agreements, USF&G has requested that defendants deposit collateral, money, or other security in the amount of its current loss payments and reserves pending final disposition of all claims. The defendants have failed to honor this request for collateralization, and have otherwise refused to perform their obligations as specified in the Indemnity Agreements.

8. Based upon its investigation to date, and in light of the facts and circumstances as set forth herein, USF&G justifiably fears that the assets of defendants may be insufficient to provide for the reimbursement, exoneration and indemnification of USF&G, as surety. In equity and good conscience, the assets of defendants should be made available for the performance of their obligations set forth in the Indemnity Agreements.

9. USF&G offers to do equity and requests contractual and equitable relief so as to provide for its exoneration.

WHEREFORE, PREMISES CONSIDERED, USF&G requests that this Court will issue a preliminary injunction which includes the following:

(a) Enjoining and restraining the defendants, separately and severally, their agents, servants, employees, attorneys, assigns, and all the persons in active concert and participation with them, pending a final hearing and determination of this cause, from selling, mortgaging, leasing, transferring, or in any other manner disposing of or dealing

with any of their properties having a value of more than One Thousand Dollars ($1,000.00), whether real, personal, cash, lands, securities or chattels, against which USF&G would be entitled to a levy of execution for payment of any judgment or which could be used to respond to an order requiring the defendants to specifically perform their obligations to the surety, and further from removing, destroying, or transferring any of their books of accounts, contracts, agreements, vouchers, journals, files, correspondence, ledgers, balance sheets, annual reports, tax records, financial reports, accounts receivable, inventories, motor vehicle records, and all their business records in any form or nature whatsoever.

(b)     Declaring and imposing a judicial lien in favor of USF&G with respect to any and all assets and property of the defendants, separately and severally, including any realty, personalty or other property owned or controlled by any of the defendants or property in which any of the defendants has any interest, said judicial lien to remain in full force and effect pending full performance of the obligations of the defendants to USF&G as requested herein;

(c)     Requiring the defendants, separately and severally, to make an accounting within ten (10) days to this Court in the form of a sworn affidavit as to the nature, extent and location of any and all assets, and as to the disposition of any and all assets possessed by the defendants, or coming within their custody or control during the last one hundred and eighty (180) days preceding the date of the Order of this Court;

(d)     Marshaling and sequestering the assets of the defendants for the purpose of exonerating the surety;

(e) Ordering the defendants to deposit with USF&G assets or other securities sufficient to secure USF&G from its anticipated losses; and

(f) Such other relief as may be equitable under the premises.

_____
THOMAS L. SELDEN
BRIAN A. DODD
Attorneys for United States Fidelity and Company

OF COUNSEL:

STARNES & ATCHISON, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259-8512
(205) 868-6000

THIS APPLICATION FOR PRELIMINARY INJUNCTION
IS BEING SERVED WITH THE SUMMONS AND COMPLAINT