# Exhibit "C"

FILED
2004 Dec-22 PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ] ] ] |
| Plaintiff, | ] ] |
| v. | ] ]   CV-04-BE-3500-S ] |
| SLATE SECURITY SYSTEMS, INC., et. al., | ] ] ] |
| Defendants. | ] ] |

### TEMPORARY RESTRAINING ORDER

THIS CAUSE came before the court on plaintiff's Application for Temporary Restraining Order. Counsel for the plaintiff advised the court that notice of said Application had been given to the defendant, Slate Security Systems, Inc. via telephone call to its Vice-President Mr. Mullins, and that notice had been given to counsel for the individual defendants. The court delayed hearing on the Application to allow defendants an opportunity to be heard. Attorney William Myers appeared for defendants J. Daryl Slate and Shonna W. Slate.

Having heard arguments of counsel representing the plaintiff and of counsel representing the individual defendants, the court finds that plaintiff will suffer irreparable injury in the absence of a Temporary Restraining Order in that funds otherwise available for the plaintiff's exoneration will no longer be available, that the equities favor the granting of an injunction, that plaintiff has shown a substantial likelihood of success on the merits, and that the public interest will not be disserved by the issuance of a Temporary Restraining Order.

It is therefore **ORDERED, ADJUDGED** and **DECREED** as follows:

1. That the defendants, Slate Security Systems, Inc., J. Daryl Slate and Shonna W. Slate, separately and severally, and others in active concert and participation with them who receive actual notice of this Order, are hereby ENJOINED and RESTRAINED from conveying, selling, transferring, or otherwise disposing of any of said defendants' assets, whether real, personal or mixed, with the exception of transactions having a value of FIVE HUNDRED DOLLARS ($500.00) or less or necessary in the ordinary course of business, pending a further hearing and a determination of plaintiff's motion for preliminary injunctive relief.

2. The defendants shall make an accounting to the court and the plaintiff on or before **January 3, 2005** in the form of a sworn affidavit as to the nature and extent of all assets owned or controlled by them or in which they have any interest whatsoever, and any other assets owned, controlled or in which any defendant has held any interest whatsoever from December 1, 2002 to the present time.

3. This Order shall become effective upon the posting of a bond by USF&G, without surety, in the amount of FIVE HUNDRED DOLLARS ($500.00).

4. This Order shall be deemed effective upon posting of a bond by USF&G and will expire ten (10) days hereafter, unless extended for good cause shown.

5. This cause is set for hearing on plaintiff's Application for Preliminary Injunction on **January 4, 2005 at 10:00 a.m.** in Courtroom 5A of the United States Courthouse in Birmingham,

Alabama.

6. Counsel for the plaintiff is hereby DIRECTED to serve a copy of this Order on all the defendants.

DONE and ORDERED this the 22nd day of December, 2004.

*/s/ Karon O. Bowdre*

KARON OWEN BOWDRE

UNITED STATES DISTRICT JUDGE