IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:06CV372-VPM [WO] |
| ELMER MYERS ARMSTRONG, et al., | ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Pending before the court is the plaintiff's Application For Preliminary Hearing, filed on 24 April 2006 (Doc. # 2). USF&G, the plaintiff, alleges that the defendants [hereinafter "the Armstrongs"] have failed to assume their obligations and duties under a Master Surety Agreement and General Contact of Liability regarding the issuance of certain bonds on behalf of Price Oil Company. The Armstrongs's agreed "to exonerate, defend and hold USF&G harmless from any loss, cost or expense which might result from the issuance of any of the" bonds (Doc. # 2, p. 3). Price Oil's recent filing of a voluntary petition for Chapter 11 relief in bankruptcy court (MD-AL) has triggered USF&G's lawsuit.

The plaintiff believes that (1) the Armstrongs and Price Oil are in the process of liquidating and selling "a significant portion" of their assets, and (2) as a result, the Armstrongs's assets may be insufficient to honor their agreement "to provide for the reimbursement, exoneration and indemnification of USF&G, as surety" (Doc. # 2, p. 4).

USF&G requests a preliminary injunction to enjoin the Armstrongs from selling or

transferring any property valued at more than $1,000, the imposition of a judicial lien in its favor, and, significantly, an accounting from the Armstrongs within 10 days.[1]  The plaintiff also wishes to have the court marshal and sequester the Armstrongs's assets, to order them to deposit assets with USF&G to secure its anticipated losses.

Although USF&G has not requested a temporary restraining order, the nature of the allegations and the relief requested indicate to the court that time is of the essence.  However, the Armstrongs have not yet been served.

Accordingly, the court ADVISES the plaintiff that the Magistrate Judge lacks the authority to decide any of the issues in this case without the consent of all of the parties. Thus, as soon as service is perfected upon the defendants, USF&G should notify the Clerk of the court whether it intends to consent to the Magistrate Judge, provided however, that no notice is sent to the undersigned judge.  When service is perfected, the court will issue a similar directive to the defendants.

DONE this 3rd day of May, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] USF&G did not provide a precise deadline in its complaint.  Thus the court is unclear whether the plaintiff expects the 10-day period to run from the filing of the complaint, the date of service upon the defendants, the filing of an Answer, or another date.