IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:06CV372-VPM [WO] |
| ELMER MYERS ARMSTRONG, et al., | ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Pending before the court is the plaintiff's motion seeking leave to serve the summons and complaint on the defendants by publication (Doc. # 8-1, p. 1). For the reasons discussed herein, the motion is denied.

**DISCUSSION**

In accordance with the Federal Rules of Civil Procedure, "service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district court is located . . . ." Fed. R. Civ. P. 4(e)(1).[1] Service by publication is permitted in Alabama when (1) the case concerns claims "involving property under the control of the court or marital status . . . where the identity or residence of a defendant is unknown . . . ." or (2) a defendant "avoids service of

---

[1] The plaintiff cites only to Alabama law in support of its motion. Therefore, the court assumes that the plaintiff intends to effect service only in Alabama and limits its discussion accordingly. Notably, the federal rules permit the plaintiff to effect service "pursuant to the law of the state in which . . . service is effected." Fed. R. Civ. P. 4(e)(1).

process." Ala. R. Civ. P. 4.3(a)(1)-(2).

> When a defendant avoids service *and* that defendant's present location or residence is unknown *and the process server has endorsed the fact of failure of service and the reason therefor on the process <u>and</u> returned it to the clerk or where the return receipt shows a failure of service*, the court may, on motion, order service to be made by publication. . . . *The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver <u>specific facts</u> of avoidance.*

*Id.* at 4.3(c) (emphasis added).

> Before service by publication can be made in an action where the . . . defendant avoids service, an affidavit of a party or the party's counsel must be filed with the court averring that service of summons or other process cannot be made because either the residence is unknown to the affiant and cannot with reasonable diligence be ascertained, or, . . . the defendant avoids service, averring facts showing such avoidance.

*Id.* at 4.3(d)(1).

Accompanying the plaintiff's motion is an affidavit from one of its attorneys, who sets forth the following relevant facts and conclusions:

1. "To date, all efforts to verify the location of defendants and have them served with the Summons and Complaint have proven unsuccessful";

2. "It is believed that the defendants have recently sold their primary residence in Florida and are currently living in an RV";

3. The attorney representing the defendants in another legal matter "does not know the present whereabouts of the defendants or how to contact them";

4. "We have . . . retained the services of a private investigator;" and

      5.    "None of these efforts has yielded an accurate current address for these defendants."

(Doc. # 8-2, ¶ 3).

    The plaintiff has failed to comply with the requirements set forth in Alabama Rule 4.3.

    As an initial matter, this case does not involve marital status or property that is under the court's control. Therefore, the plaintiff's inability to determine where the defendants are residing is an insufficient basis for allowing service by publication. Ala. R. Civ. P. 4.3(a)(1).

    In addition, "the process server has [not] endorsed the fact of failure of service and the reason therefor on the process <u>and</u> returned it to the clerk" and no " return receipt shows a failure of service" as required. Ala. R. Civ. P. 4.3(c) (emphasis added).

    Finally, the affidavit submitted by the plaintiff's attorney fails to "aver specific facts of avoidance." Ala. R. Civ. P. 4.3(c), (d)(1). While the affidavit concludes that efforts have been unsuccessful, it does not describe any actual efforts the plaintiff has undertaken other than noting that the defendant's attorney doesn't know their location and they hired a private investigator. The plaintiff has offered no insight into the efforts of the private investigator. In fact, the affidavit does not even state that the private investigator was hired for the purpose of locating the defendants.

    The simple belief that the defendants may or may not be living in a mobile home is not probative of avoidance, and conclusory assertions by the plaintiff's attorney are similarly insufficient. *See* **Vaughan v. O'Neal**, 736 So. 2d 635, 638 (Ala. Civ. App. 1999). Notably, while the motion suggests the possibility of avoidance, the affidavit mentions nothing in that

regard.

Compounding the plaintiff's inability to effect service by publication due to procedural failures is the fact that

> personal jurisdiction may not be obtained over a nonresident defendant through service by publication. ***Wise v. Siegel***, 527 So. 2d 1281 (Ala. 1988). A party seeking service by publication must show *affirmatively*, by affidavit or otherwise, that the party to be served is a resident, and the trial court must make a finding of residency. ***Braley v. Horton***, 432 So. 2d 463 (Ala. 1983).

***Vaughan v. O'Neal***, 736 So. 2d at 636 (emphasis added).

In the instant case, despite claiming not to know the defendant's location, the plaintiff's complaint states that the defendants "are citizens of the State of Alabama." The affidavit, however, strongly suggests that they are Florida residents or were last known to be Florida residents.

## CONCLUSION

Therefore, it is hereby

ORDERED that the plaintiff's motion is DENIED.

DONE this 24th day of May, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE